# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:13-cv-00021-MR
### CRIMINAL CASE NO. 1:05-cr-00032-MR-1

| | |
|---|---|
| **PAUL BUCKNER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Defendant's "Motion Top [sic] Alter, Amend or Reconsider a Previous Final Judgment [Doc. 7].

## I. PROCEDURAL BACKGROUND

On June 17, 2005, Petitioner pled guilty to bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2, and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced on April 26, 2006 to a total of 290 months in prison. [Criminal Case No. 1:05-cr-00032-MR-1, Doc. 25: Judgment]. Petitioner filed a timely notice of appeal. [Id., Doc. 26: Notice of Appeal]. On November 21, 2006, the Fourth Circuit granted the

Government's motion to dismiss the appeal. [Id., Doc. 38: United States v. Buckner, No. 06-4525 (4th Cir. 2006)]. The Supreme Court denied Petitioner's petition for certiorari on March 19, 2007. Buckner v. United States, 549 U.S. 1298 (2007) (No. 06-9439).

Nearly six years later, on January 23, 2013, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that he is entitled to relief in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2581 (2010), and the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On June 17, 2013, the Court denied Petitioner's motion to vacate as untimely. [Doc. 5].

On July 16, 2013, Petitioner filed the present motion, seeking reconsideration of the Court's Order dismissing his motion to vacate under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure on the grounds that the Supreme Court's ruling in Descamps v. United States, 133 S.Ct. 2276 (June 20, 2013) constitutes an "intervening change in law" warranting reconsideration of the Court's prior Order.

## II.    ANALYSIS

The Fourth Circuit has held that a defendant may not challenge his criminal conviction under the Federal Rules of Civil Procedure, particularly

Rule 60(b).  See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir.

2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a

vehicle by which [a defendant] may challenge his criminal judgment.").

Moreover, the type of relief that the Defendant seeks in his present

motion under Rules 59(e) and 60(b) is identical to the relief that could be

obtained through a successful Section 2255 proceeding.  Accordingly, the

Court will treat his present motion as a motion brought pursuant to Section

2255.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every

Court of Appeals to consider the question has held that such a pleading,

although labeled a Rule 60(b) motion, is in substance a successive habeas

petitioner and should be treated accordingly."); United States v. Winestock,

340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's

conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA")

provides that "[a] prisoner in custody under sentence of a court established

by Act of Congress . . . may move the court which imposed the sentence to

vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  The

AEDPA, however, provides a specific limitation on a prisoner's ability to

bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v.

McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion Top [sic] Alter, Amend or Reconsider a Previous Final Judgment [Doc. 7] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**    Signed: December 2, 2013

Martin Reidinger
United States District Judge